SUHRHEINRICH, J.,
dissenting:
I.
Because I believe that Petitioner did not meet his burden of establishing the basis for a new trial under McDonough Power Equipment Inc. v. Greenwood, 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984), and the state trial court made the requisite finding for purposes of the federal claim that Juror A was not biased in any event, I dissent. I also think this court lacks authority to grant the relief provided by the majority.
*746 A.
As the majority observes, in his motion for a new trial, Petitioner claimed violations of both his federal and state constitutional rights to an impartial jury.
As the majority acknowledges, in order to obtain a new trial based on a juror’s nondisclosure of a material fact during voir dire, the petitioner must demonstrate that the juror’s nondisclosure would have provided a valid basis for a challenge for cause, McDonough, 464 U.S. at 556, 104 S.Ct. 845, such as actual bias, Zerka v. Green, 49 F.3d 1181, 1186 (6th Cir.1995).
As the majority points out, the prevailing state law as understood by Petitioner and the trial court differed from the federal standard under McDonough. Thus, it was incumbent on Petitioner to demonstrate not only that Juror A was excusable for cause for purposes of his state law claim, but also to demonstrate bias to support his federal claim.
In arguing for a new trial at the eviden-tiary hearing on his motion for a new trial, Petitioner asserted that his “argument and position is that his federal and state constitutional rights to an impartial jury were violated when jurors did not disclose, during voir dire, information that would have led to those jurors either being challenged for cause, or alternatively peremptorily challenged.” Mot. for New Trial, Dec. 8, 2006, at 7. Petitioner argued that “it is irrelevant whether the admission was intentional or accidental,” id. at 9, and that, as set forth in People v. Manser, 250 Mich.App. 21, 645 N.W.2d 65 (2002), “there is no need to show that the Defendant was prejudiced, and therefore it is irrelevant whether Juror A deliberated without being affected by her prior sexual assault.” Mot. for New Trial at 10-11.
The prosecutor in turn argued that under Michigan law, a juror’s personal experience with a similar crime does not automatically render someone excusable for cause: rather the court must also assess whether the individual juror has any bias or problems with being impartial. Id. at 20. The prosecutor pointed out that Juror A testified that she had acted in an impartial manner, both in her affidavit and her testimony at the evidentiary hearing. Id. at 22. The prosecutor noted too that Juror A’s experience was not similar to the victims in the case at issue. Id. at 23. Finally, the prosecutor observed that Juror A had not lied. Id. at 24.
The trial court agreed with Petitioner and granted the motion for a new trial, believing itself bound by Manser. Id. at 28. The court stated in critical part:
I’m going to issue my decision now.... I’m going to grant the motion for a new trial. I think I’m bound by Manser. It’s almost exactly on point in regards to Juror A.
There was a material omission on the part of Juror A. By her own testimony during the September special hearing, her belief was that she had disclosed it. She knew it was important information for the Court and she honestly thought that she had told the Court that she had been a prior victim of a criminal sexual conduct — a sexual assault by her father.
It was when she was shown the transcript that she saw that she hadn’t done it. I believe she testified that she was surprised because she knew it was important, and I think she also said that she was surprised that having disclosed that she would have been a juror. But she also felt that she was fair and impartial, and that’s where I don’t think that the case law supports that.
The fact that Juror A is convinced that she was fair and impartial in this case, I don’t believe is relevant. I think *747 that she had the duty to disclose it. She — she knew she had the duty to disclose it. In her own words, the thought she had.
So, it’s not a matter that it wasn’t a question that wasn’t asked, it was a question that was asked, and she thought she answered it.
And as a rule they’re all excused due to their prior experiences, because although they may be qualified as juror [sic] and may feel that they’d be fair and impartial, it’s felt that it would be better to have somebody without those experiences to sit on the jury. They’re usually excused 'for cause or by peremptory challenge.
Manser indicates that that failure to disclose basically violated Mr. English’s right to a fair and impartial jury — to have a jury that disclosed it.
Now that — so, for that reason, I would grant the Defendant’s motion for a new trial because it was a criminal sexual conduct case; she’d been a prior victim of criminal sexual conduct; she knew it was important. She thought she’d answered it, but she hadn’t. If she had answered it, [ trial counsel] or the Court, sua sponte, would have excused her for cause, or [trial counsel’s] declaration is that he would have asked to have her excused, or would have used a peremptory.
Id. at 28-31 (emphasis added).
This was error under state law, as pointed out by the state court of appeals. See People v. English III, No. 269887, 2007 WL 4245412, at *3 (Mich.App. Dec. 4, 2007) (per curiam) (holding there is no basis in state law for an automatic exclusion of victims of sexual abuse in criminal sexual conduct cases). Thus, Petitioner did not establish “a valid basis for a challenge for cause” under then-existing state law.[5]
But, as noted, Petitioner also presented a federal claim, which required a showing of actual bias. Petitioner did not make this showing. In fact, although the majority disputes this, the trial court actually credited — albeit while ruling on the state law claim — Juror A’s testimony on this point: “But she also felt that she was fair and impartial, and that’s where I don’t think that the case law supports that.... The fact that Juror A is convinced that she was fair and impartial in this case, I don’t believe is relevant.” Mot. for New Trial at 28-30. Not only did Petitioner not challenge this finding, he never asked the trial court to make a factual determination that Juror A was not credible when she said she was not biased and had been a fair and impartial juror despite her prior experience. See Dennis v. Mitchell, 354 F.3d 511, 520 (6th Cir.2003) (stating that an individual juror’s bias at a state criminal *748 trial is a question of fact) (citing Patton v. Yount, 467 U.S. 1025, 1036, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984)). In other words, Petitioner did not establish actual bias on the part of Juror A, instead relying exclusively on the legal argument that Juror A’s prior experience was an automatic basis for a challenge for cause. McDonough squarely places that burden on the shoulders of the party seeking the new trial. See McDonough, 464 U.S. at 556, 104 S.Ct. 845. Petitioner did not meet that burden, and as a result, did not establish a Sixth Amendment violation entitling him to a new trial under McDonough. .
In fact, this is basically what the district court held:
In both the state appellate courts and in his habeas application, Petitioner has made no effort to demonstrate actual bias by Juror A. Instead, his brief focuses exclusively on whether the juror would have been excused for cause by the trial court presiding over this case-not whether excuse for cause was legally required by the circumstances. Petitioner claims that, because the trial court acted to remove all jurors who reported a close connection to sexual abuse, it would also have excused Juror A. In the alternative, Petitioner argues that, had the court not excused Juror A for cause, Petitioner would have exercised a peremptory challenge.
The Supreme Court expressly rejected the notion that the societal resources invested in a trial should be wasted simply in order to “recreate the peremptory challenge process because counsel lacked an item of information which objectively he should have obtained from a juror on voir dire examination.” Mc-Donough, 464 U.S. at 555, 104 S.Ct. 845. For the same reasons, the fact that the trial judge was routinely using a loose standard for finding cause does mean that Petitioner is entitled to the application of such a loose standard. The Constitution protects only against substantial unfairness, not against the loss of a tactical advantage. See id. (rejecting concept of abstract perfection at trial); Smith v. Phillips, 455 U.S. 209, 217, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982) (“[D]ue process does not require a new trial every time a juror has been placed in a potentially compromising situation.”).
Here, the sexual abuse in issue was significantly different from the sexual assault charged and was remote in time. Moreover, the state court found that the juror was not intentionally dishonest and had expressed her belief that she was impartial. Further, Petitioner introduced no evidence of actual bias. On these facts, Petitioner has failed to show the sort of extreme circumstances exist that would warrant dismissal for cause. Zerka, 49 F.3d at 1186 n. 7.
English v. Berghuis, No. 1:09-cv-1012, 2009 WL 5171885, at *11-12 (W.D.Mich. Dec. 21, 2009). (applying AEDPA deference). The Michigan Court of Appeals also held that Petitioner made no showing that he was prejudiced by Juror A’s presence at trial. People v. English, No. 269887, 2007 WL 4245412, at *3 (Mich.App.2007) (per curiam).
In short, under a de novo standard of review, Petitioner did not meet his burden and is not entitled to relief by a federal habeas court. The relief provided by the majority here is improper and in disregard of state sovereignty of proper use of the writ of habeas corpus. See, e.g., Engle v. Isaac, 456 U.S. 107, 128, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (“The States possess primary authority for defining and enforcing the criminal law. In criminal trials they also hold the initial responsibility for vindicating constitutional rights. Federal intrusions into state criminal trials frustrate both the States’ sovereign power to *749 punish offenders and their good-faith attempts to honor constitutional rights.”).
B.
As noted, the state trial court judge also made the requisite factual finding that Juror A had been a fair an impartial juror, although perhaps not in a format suitable to the majority’s liking. Thus, I just do not see the point in vacating and remanding for further proceedings because the existing record is sufficient to determine whether Petitioner’s Sixth Amendment right to be tried by a fair and impartial jury was protected. Juror A testified that her prior victimization did not create a bias in her or affect her judgment in evaluating Petitioner’s case, see supra, at n. 1, and the state trial court judge credited her belief that she had been fair and impartial. As the majority knows, that factual finding is entitled to a presumption of correctness. See Wainwright v. Witt, 469 U.S. 412, 426, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985) (citing Patton v. Yount, 467 U.S. 1025, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984)). Based on that presumed correct factual finding by the state trial court judge, I do not see how any judge could reach any legal conclusion but that Juror A was not actually biased.
In a disingenuous attempt to get around the law of habeas, the majority “offers” the state trial court’s “reflections,” found in the state trial court’s “Order Denying Defendant’s Request for Relief From Judgment.” “Reflections,” is the operative word here, because as the majority is constrained to point out, the state trial court itself noted Defendant’s motion addressed arguments “made to and disregarded by the [Michigan] Court of Appeals and [Michigan] Supreme Court.” To the extent that the state trial court “thought” something different than what it “stated” in its ruling on English’s motion for a new trial, it is not legally relevant and an improper basis for habeas relief.
C.
Finally, the majority avoids explaining its authority to order the district court to evaluate the merits of English’s Sixth Amendment claim regarding the misconduct of Juror A (whether de novo or with AEDPA deference). It cannot utilize 28 U.S.C. § 2254(e)(2), which provides that:
(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
(A) the claim relies on—
(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
28 U.S.C. § 2254(e)(2) (emphases added). As discussed above, and as reflected in the majority’s recitation of the facts underlying the evidentiary hearing on the motion for a new trial, Petitioner had ample opportunity at the evidentiary hearing to develop a factual predicate for actual bias- and chose not to have the state trial court make the requisite factual finding. In fact, the majority admits that “the evidence presented in support of [English’s] claim was substantial and entirely pertinent to the determination of implied bias under McDonough.” In other words, the “factual predicate” was clearly discovered, so § 2254(e)(2) not only fails to provide authority for the majority’s ruling, it actually precludes it.
*750 Notwithstanding, the majority thinks it can order further proceedings, even though English had the opportunity to make his Sixth Amendment argument at the hearing on his motion for a new trial, because “counsel’s legal argument may have been markedly different had he possessed a firmer understanding of the law underlying his Sixth Amendment claim.” Not surprisingly, it fails to provide any authority for this proposition. The simple truth is that English failed to properly present and preserve his federal Sixth Amendment claim in the state court, despite the fact that he raised the issue there, and was given ample opportunity to develop it and to meet his burden of proof under McDonough. The majority may be unhappy about that fact, but it does not have the authority in habeas jurisdiction to recreate the state court record.
For these reasons, I respectfully dissent.

. Had Juror A testified that her past experience affected her judgment, or that she had not been a fair and impartial juror as a result of her past experiences, Petitioner would have established actual bias as well as "a valid basis for a challenge for cause.” But Juror A testified under oath to just the opposite: On direct examination by Petitioner at the evi-dentiary hearing on the motion for a new trial, Juror A testified that “What had happened to me years ago happened to me years ago and I don't have a problem with it. I don’t — never even thought for a minute anything was comparable. No one was prosecuted. I didn’t talk to the police.” Special Hearing, Sept. 29, 2006, at 14. On cross-examination the prosecutor asked: "Did your prior victimization in any way create a bias for you or a problem with you in evaluating the case against Warren English III?” Id. at 16. Juror A responded: "No." Id.